UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KERI RICCIO,                      :
        Plaintiff,                :
                                  :
     v.                           :     CA 07-45 S
                                  :
MICHAEL J. ASTRUE,[1]             :
COMMISSIONER OF                   :
SOCIAL SECURITY,                  :
        Defendant.                :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

This matter is before the Court on the request of Plaintiff Keri Riccio ("Plaintiff") for judicial review of the decision of the Commissioner of Social Security ("the Commissioner"), denying Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), under §§ 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3) ("the Act").  Plaintiff has filed a motion to reverse the Commissioner's decision or, alternatively, remand the matter to the Commissioner.  Defendant Michael J. Astrue ("Defendant") has filed a motion under sentence four of 42 U.S.C. § 405(g) for remand of the case to the Commissioner for further administrative proceedings.

The matter has been referred to this Magistrate Judge for

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Commissioner Michael J. Astrue has been substituted for Joanne B. Barnhart as Defendant in this action.  See Fed. R. Civ. P. 25(d)(1) ("When a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party.  Proceedings following the substitution shall be in the name of the substituted party ...."); see also 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

preliminary review, findings, and recommended disposition. See 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, I find that remand to the Commissioner is appropriate. Accordingly, I recommend that Defendant's Motion for Entry of Judgment under Sentence Four of 42 U.S.C. Section 405(g) with Reversal and Remand of the Case to the Defendant (Document ("Doc.") #11) ("Motion for Remand") be granted and that Plaintiff's Motion to Reverse without or, Alternatively, with a Remand for a Rehearing the Commissioner's Final Decision (Doc. #9) ("Motion to Reverse or Remand") be granted to the extent that the matter be remanded for further administrative proceedings.

## Facts and Travel

Plaintiff was thirty-five years old at the time of the hearing before the Administrative Law Judge ("ALJ"). (Record ("R.") at 21) She has a high school education and past relevant work experience as a bagger and lot attendant at a supermarket and as a lot attendant and stocker at a retail store. (Id.)

Plaintiff filed an application for DIB and SSI on November 14, 2003, alleging disability since March 3, 2003, due to a knee injury and a learning disability. (R. at 20-21) The applications were denied initially and on reconsideration, and a request for a hearing before an ALJ was timely filed. (R. at 20) A hearing was conducted on August 25, 2005, at which Plaintiff, represented by counsel, appeared and testified. (Id.) A vocational expert ("VE") also testified. (Id.) The ALJ issued a decision on September 20, 2005, in which she found Plaintiff not disabled and, therefore, not entitled to DIB or SSI.[2] (R. at 20-

---

[2] Specifically, the ALJ found: that Plaintiff had not engaged in substantial gainful activity since the alleged onset of her disability, (Record ("R.") at 27); that Plaintiff's knee injury, while a medically determinable impairment, was not a severe impairment because it did not significantly limit her ability to perform basic work activities, (R. at 23); that Plaintiff's borderline intellectual

28) Plaintiff requested review by the Appeals Council, (R. at 15-16), which on October 27, 2006, declined review, (R. at 9-11), thereby rendering the ALJ's decision the final decision of the Commissioner, (R. at 9).

On January 31, 2007, Plaintiff filed a Complaint (Doc. #1) in this Court, alleging that the ALJ's decision is not supported by substantial evidence, Complaint ¶ 13, that the ALJ made harmful legal errors, id. ¶ 14, that the Appeals Council erroneously denied review, id. ¶ 15, and that Defendant's findings of fact are legally inadequate, id. ¶ 16.  Defendant's Answer (Doc. #6) was filed on October 18, 2007.  The case was subsequently referred to this Magistrate Judge for a report and recommendation.  See Order dated November 2, 2007 (Doc. #7).  Plaintiff's Motion to Reverse or Remand (Doc. #9) was filed on January 7, 2008.  On February 12, 2008, Defendant filed the Motion for Remand (Doc. #11).

## Discussion

Section 405 of Title 42 of the United States Code ("U.S.C.") provides, in relevant part, that: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  Defendant

---

functioning and learning disorder were severe but did not meet or equal an impairment listed in Appendix 1, Subpart P, Regulations No. 4, (R. at 24, 27); that Plaintiff's allegations regarding her limitations were not totally credible, (R. at 25, 27); that Plaintiff's residual functional capacity included no physical restrictions but did include a moderate limitation in concentration, persistence, and pace such that she could understand, remember, and carry out simple 1-2-3 step tasks over an 8 hour day with appropriate breaks approximately every 2 hours, (R. at 26, 27-28); that Plaintiff could perform her past relevant work as a bagger and lot attendant at a supermarket and as a lot attendant and stocker at a retail store, (R. at 27, 28); and that, as a result, Plaintiff was not disabled within the meaning of the Act, (id.).

requests that the Court remand this case to the Commissioner "for further development of the record as it pertains to the opinions of Plaintiff's treating and examining sources and Plaintiff's residual functional capacity." Memorandum in Support of Motion for Entry of Judgment under Sentence Four of 42 U.S.C. Section 405(g) with Reversal and Remand of the Case to the Defendant ("Defendant's Mem.") at 1. Specifically, Defendant suggests that on remand an ALJ be given instructions to:

> (1) Evaluate the statements of all treating and examining sources, including those made by Dr. J.R. Corcoran and Paula A[gin]s, LICSW, and explain the weight afforded to these statements in accordance with 20 C.F.R. sections 404.1527 and 416.927 as well as Social Security Rulings 96-2p, 96-5p[,] and 06-3p; and,
>
> (2) Reassess Plaintiff's residual functional capacity.

Defendant's Mem. at 1-2.

The Court agrees that remand is appropriate for further evaluation of the opinions of Plaintiff's treating and examining sources and of Plaintiff's residual functional capacity.[3] Accordingly, I recommend that the matter be remanded to the Commissioner for further administrative proceedings as outlined above and that judgment be entered for Plaintiff.

---

[3] Plaintiff raised three issues: (1) that the ALJ failed to mention or evaluate the medical opinion of Dr. J.R. Corcoran, Plaintiff's treating physician, see Plaintiff's Memorandum in Support of Plaintiff's Motion to Reverse without a Remand for a Rehearing or, Alternatively, with a Remand for a Rehearing the Commissioner's Final Decision at 6 (citing 20 C.F.R. § 404.1527(d)(2)); (2) that the ALJ failed to evaluate properly the testimony of the vocational expert ("VE") and failed to question the VE regarding possible conflicts between his testinmony and the Dictionary of Occupational Titles, see id.; and (3) that the ALJ failed to evaluate properly the medical opinion of examining psychologist Dr. John Parsons, see id. Because the Court has determined that remand is warranted for further evaluation of the medical source opinions, it need not address Plaintiff's remaining contention.

## Conclusion

I recommend that Defendant's Motion for Remand be granted and that the matter be remanded to the Commissioner for further administrative proceedings. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. <u>See</u> Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. <u>See</u> <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


<u>/s/ David L. Martin</u>
DAVID L. MARTIN
United States Magistrate Judge
February 25, 2008